No. 81-25

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

D & F SANITATION SERVICE,
a Montana corporation,

Plaintiff and Appellant,

vs.

CITY OF RED LODGE,

Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Alexander & Baucus, Great Falls, Montana
Neil Ugrin argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Arthur W. Ayers, Jr., argued, City Attorney, Red Lodge,
Montana

---

Submitted:  September 14, 1981

Decided:  FEB 11 1982

Filed:  FEB 11 1982

Thomas J. Kearney
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff, D & F Sanitation Service, appeals from a summary judgment entered by the Carbon County District Court, which held unconstitutional section 7-13-4107, MCA, which retroactively prohibits a municipality from providing its own garbage collection service unless it gives any existing private garbage contractor five years notice of its intention to do so, or unless the municipality purchases the private contractor's equipment at fair market value. The District Court declared that this statute violated the prohibition against impairment of contracts of the Montana Constitution (Art. II, § 31) and also that the statute violated the prohibition against retroactive application of laws of the Montana Constitution (Art. XIII, § 1(3)). We affirm the District Court, but on a different ground. We hold that the contract involved had expired before the effective date of the statute and therefore that the statute could not be applied to the expired contract.

Plaintiff, D & F Sanitation Service (D & F) is a private motor carrier duly licensed by the Public Service Commission to transport solid waste in Carbon County, Montana. The defendant, City of Red Lodge (City), is a municipal corporation in Carbon County. On November 25, 1978, D & F and the City entered into a contract for solid waste collection. This contract provided that D & F was to perform garbage collection services for the City from November 1, 1978 through June 30, 1979. During the entire period of the contract, D & F provided exclusive garbage collection services for the City.

In 1979, the legislature enacted section 7-13-4107, MCA (Ch. 448, Laws of Montana (1979)) which states:

"7-13-4107. Protection of private waste disposal service in municipality. A municipality, as of January 1, 1979, that receives garbage and solid waste disposal services from a private motor carrier authorized by the public service commission to provide such service may not, by ordinance or otherwise, elect to provide exclusive garbage and solid waste service unless the municipality pays the private motor carrier fair market value for his equipment or unless the municipality delays commencing the public service for a period of 5 years from the date of the decision by the municipality to provide the garbage and solid waste services. The private motor carrier shall be given notice of the decision by the municipality to provide exclusive garbage and solid waste services no later than 10 days after the decision has been made by the municipality."

This statute, of course, was not in existence when the City and D & F signed their contract in November 1978, and obviously was not in the contemplation of the parties when the contract was signed. On June 30, 1979, the day the contract was to expire, the city council met at a special session. The council voted to provide its own garbage collection service, and authorized the mayor to hire city employees for this purpose. The City has provided garbage collection service since July 1, 1979.

After learning of the city council action, D & F invoked section 7-13-4107, and demanded that the City either pay to D & F the fair market value of its equipment or delay providing its own garbage collection service for five years. The City refused this demand and D & F then filed suit to recover the full market value of its equipment. In defending, the City relied on the impairment of contract and on the constitutional prohibition against retroactive application of the law. The City also, however, contended that the contract had expired before the effective date of the statute. The trial court ruled in favor of the City on both constitutional arguments, but did not address the argument that the contract had expired.

We do not decide the constitutionality of section 7-13-4107. The undeniable fact is that the contract expired before the effective date of the statute. The statute went into effect on July 1, 1979, and although it is intended to apply to contractual relationships "as of January 1, 1979," there was no contract in existence on July 1 to which the statute could apply. The contract expired on June 30, 1979 at midnight, and the City on June 30, 1979, had decided that starting on July 1, 1979, it would assume the responsibilities of collecting garbage. Furthermore, we do not believe that the statute was intended to apply to contacts in existence before January 1, 1979. The language of section 7-13-4107-- "as of January 1, 1979"--appears to be intended to apply to contracts signed on or after January 1, 1979.

Application of section 7-13-4107 to the contract here would clearly substantially impair the contractual obligations of the City. Whether it constitutes an unconstitutional impairment of contract, or would constitute an unconstitutional retroactive application of a law, we need not decide, as the contract expired before the effective date of the statute.

On a ground other than that decided by the District Court, we affirm the grant of summary judgment.

_____
Justice

We Concur:

_____
Chief Justice

-4-

------------------------------

------------------------------

*John Conway Harrison*
------------------------------

*John C Shelly*
------------------------------

*Frank B Morrison*
------------------------------

------------------------------
Justices